IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RICHARD NEHLS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 8:19CV337 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, BUFFALO COUNTY , NEBRASKA MENTAL HEALTH BOARD, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on preliminary review of Petitioner Nehls' Petition for Writ of Habeas Corpus (Filing No. 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One: The Petitioner was and is being denied due process of law by his confinement at the Norfolk Regional Center because he did not and does not pose a risk to offend again.[1]

---

[1] I take judicial notice of public records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). After a plea of nolo centendere, the Petitioner was convicted of attempted first degree sexual assault of a child and third degree sexual assault of a child and he was sentenced to prison on January 7, 2011, in a case styled *State of Nebraska v. Nehls*, Case No. CR 10-206, in the District Court of Buffalo County, Nebraska. He did not appeal. According to the Nebraska Department of Correctional Services, Petitioner, who had DCS ID number 72851, was discharged from prison on August 15, 2017. Petitioner alleges that he was committed to the Regional Center by the Buffalo County, Nebraska Mental Health Board at or about the time of his release from prison. Those records are not on-line.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

The court has added the Buffalo County, Nebraska Mental Health Board as a Respondent. The court has done so because the court is uncertain as to the proper Respondent or Respondents.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **September 22, 2019**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 22, 2019**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled:

"Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file**

**an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

    A. By **September 22, 2019,** Respondents must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the

event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **October 21, 2019**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. The Clerk shall add the Buffalo County, Nebraska Mental Health Board as a Respondent and serve a copy of this Memorandum and Order on Shawn R. Eatherton, Buffalo County Attorney, P. O. Box 67, Kearney, Nebraska 68848.

7. The Clerk shall provide a copy of this Memorandum and Order to the Clerk of the United States Court of Appeals for the Eighth Circuit for the information

of the Court Appeals regarding that Court's review of Mr. Nehls' appeal to the denial of his challenge to his criminal conviction. That case bears No: 19-2511 in the Court of Appeals.

DATED this 7th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge