IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD NEHLS, | ) |
| | ) |
| Petitioner, | ) 8:19CV337 |
| | ) |
| v. | ) |
| | ) |
| STATE OF NEBRASKA, and | ) MEMORANDUM AND ORDER |
| BUFFALO COUNTY, NEBRASKA | ) |
| MENTAL HEALTH BOARD, | ) |
| | ) |
| Respondents. | ) |
| | ) |

This is a habeas corpus matter brought under 28 U.S.C. § 2254. After I progressed the case, I appointed the Federal Public Defender to represent Petitioner. He in turn delegated the matter to one of his assistants. Respondents have filed a motion for summary judgment, Filing no. 10, supported by the relevant state court records, Filing no. 12 and Filing no. 16. The matter has been briefed. I now grant the motion.

### *Prior Findings and Conclusions and Statement of Claim*

As I independently found and concluded at initial review, Filing no. 5 at CM/ECF p.1 n.1, after a plea of nolo contendere, Petitioner was convicted of attempted first degree sexual assault of a child and third degree sexual assault of a child and he was sentenced to prison on January 7, 2011, in a case styled *State of Nebraska v. Nehls*, Case No. CR 10-206, in the District Court of Buffalo County, Nebraska. He did not appeal. These finding and conclusions are not challenged.

It was extremely difficult to discern why Petitioner thought his federal rights had been and were being violated. That said, liberally construing the petition, I decided that Petitioner might have one potentially cognizable claim.

Condensed and summarized for clarity, I found the sole claim to be resolved in this matter was the following: "Claim One: The Petitioner was and is being denied due process of law by his confinement at the Norfolk Regional Center because he did not and does not pose a risk to offend again."

## *Undisputed Material Facts*

I find the material undisputed facts to be these:

<u>August 8, 2017 Commitment</u>

    1.    On July 31, 2017, prior to Nehls' discharge of his criminal sentence, the Deputy County Attorney of Buffalo County filed a Petition requesting a hearing before the Mental Health Board to determine whether Nehls was a mentally ill person and/or dangerous sex offender, and what treatment alternative would suffice to prevent the harm described in Neb. Rev. Stat. §§ 71-908 or 83-174.01. Filing no. 12-2. The petition specifically alleged, among other things, that Nehls' was seen by Dr. Alan Levinson, Psy.D., a licensed psychologist, and the doctor's evaluation dated July 25, 2017, concluded in summary that:

    (A)    His failure to successfully complete recommended sex offender treatment being presented commensurate with his intellectual abilities, was a significant treatment interfering factor.

    (B)    His risk to reoffend was considered very high, relative to other sexual offenders.

    (C)    Mr. Nehls had been assessed as having (.69) probability of violent recidivism within 10 years.

    (D)    Mr. Nehls had been diagnosed with:

    -Pedophilic Disorder, sexually attracted to both, nonexclusive type

     -Alcohol Use Disorder, moderate, in a controlled environment
     -Cannabis Use Disorder, moderate, in a controlled environment
     -Stimulant Use Disorder-Amphetamine, severe, in a controlled environment
     -Antisocial Personality Disorder
     -Mild Intellectual Disability

(E) That Mr. Nehls would be best served in a comprehensive inpatient setting with intensive supervision and intervention to address the issues outlined in the evaluation. A copy of which was attached and marked as Exhibit B.

(F) That neither voluntary hospitalization nor other treatment alternatives less restrictive of the subject's liberty than a mental-health-board ordered treatment disposition are available or would suffice to prevent the harm described in § 71-908 or § 83-174.01.

2. On or about August 8, 2017, the Mental Health Board held a hearing regarding *In The Interest of Richard L. Nehls, Alleged to be a Mentally Ill and Dangerous Person*, Case No. 4100. Filing no. 12-3.

3. At the hearing, a Deputy Buffalo County Attorney was present, along with Nehls and Nehls' court-appointed attorney. Nehls acknowledged he had received of a copy of the Petition, Notice of the Hearing, and List of Rights.

4. The matter was submitted to the Mental Health Board upon the information filed, the testimony elicited, and the evidence adduced. Upon consideration of the evidence, the Mental Health Board found "there was clear and convincing evidence that the allegations in the information are true and relies on the exhibit #1 of Dr. Alvin Levinson."

5. The Mental Health Board further found by clear and convincing evidence that (a) Nehls is mentally ill and a dangerous person and that neither voluntary hospitalization nor other treatment alternatives less restrictive of Nehls' liberty than a Mental Health Board ordered treatment disposition would suffice to prevent a substantial risk of harm; and (b) Nehls is likely to engage in acts, or repeated acts of sexual violence and has a propensity to commit sex offenses that would result in serious harm to others and therefore poses a menace to the health and safety of the public.

6. Having considered all treatment alternatives, the Mental Health Board ordered Nehls be placed in custody of the Nebraska Health and Human Services ("DHHS") for appropriate treatment. The Board further ordered Nehls to commence treatment at the Norfolk Regional Center for dangerous sex offender treatment.

7. Nehls did not appeal the Mental Health Board's August 8, 2017 Order to the Buffalo County District Court. Filing no. 12-1 at CM/ECF p. 3, ¶ 11.

March 20, 2018 Hearing on Objection and Comprehensive Treatment Plan Update

8. On March 20, 2018, the Mental Health Board held a hearing based on an "objection made by [Nehls] to [a] February, 2018 Comprehensive Treatment Plan Update." Filing no. 12-4.

9. At the hearing, a Deputy Buffalo County Attorney was present, along with Nehls' court-appointed attorney. Nehls appeared at the hearing, telephonically. The Mental Health Board took Notice of Nehls' file and its entire contents.

10. The Mental Health Board found by clear and convincing evidence that Nehls "continue[d] to be a mentally ill and dangerous person and neither voluntary hospitalization, nor any other treatment alternative less restrictive of [Nehls'] liberty than a Mental Health Board ordered treatment disposition would suffice to prevent substantial risk of

4

harm to the public or [to Nehls]. The board f[ound] that [Nehls] is likely to engage in acts, or repeated acts of sexual violence and has a propensity to commit sex offenses, and other assaultive behavior that would result in serious harm to others and therefore poses a menace to the health and safety of the public. The Board f[ound] that [Nehls'] history of assaultive behavior, and failure to successfully complete and/or fully participate in attempts at sexual issues treatment and other psychological treatment, as well as current diagnosis and opinions stipulated to and offered into evidence, illustrate that [Nehls] is mentally ill and dangerous and poses a menace to [his] own health and safety."

11. Having considered all treatment alternatives, the Board ordered Nehls to remain in custody of DHHS at the Norfolk Regional Center and to continue receiving dangerous sex offender treatment.

12. At that same hearing, the Mental Health Board considered and granted a motion for an "Independent Evaluation" of Nehls to be conducted. The Court further directed that the evaluator shall have access to Nehls' medical records and be able to confer with Nehls at the Norfolk Regional Center.

October 2, 2018 Hearing Regarding New Psychological Evaluation and Comprehensive Treatment Plan Update

13. On October 2, 2018, the Mental Health Board held a hearing upon Nehls' request regarding his new psychological evaluation and his July, 2018 Comprehensive Treatment Plan Update. Filing 12-5.

14. At the hearing, a Deputy Buffalo County Attorney was present, along with Nehls' public defender. Nehls appeared at the hearing, telephonically. The Mental Health Board took Notice of Nehls' file and its entire contents.

15. The Mental Health Board found by clear and convincing evidence that Nehls (a) continued to be a mentally ill and dangerous person and neither voluntary hospitalization nor other treatment alternatives less restrictive of his liberty than a Mental Health Board

5

ordered treatment disposition would suffice to prevent substantial risk of harm to the public and to Nehls; (b) Nehls is likely to engage in acts, or repeated acts of sexual violence and has a propensity to commit sex offenses, and other assaultive behavior that would result in serious harm to others and therefore poses a menace to the health and safety of the public; and (c) Nehls' history of assaultive behavior, and failure to successfully complete and/or fully participate in attempts at sexual issues treatment and other psychological treatment, as well as current psychological diagnosis and opinions stipulated to and offered into evidence, illustrates that Nehls is mentally ill and dangerous and poses a menace to his own health and safety.

16. Having considered all treatment alternatives, the Board ordered Nehls to remain in custody of DHHS and recommend inpatient psychological and sexual offender treatment at the Norfolk Regional Center.

<u>January 2, 2019 Appeal to the Buffalo County District Court of Mental Health Board's October 2, 2018 Order</u>

17. On January 2, 2019, the Buffalo County District Court ("District Court") heard an appeal filed by Nehls regarding the Mental Health Board's October 2, 2018 Order. Filing no. 12-6. The case was captioned *In the Interest of R.L.N., Alleged to be a Mentally Ill and Dangerous Person*, Case No. CI 18-632. At the hearing, a Deputy Buffalo County Attorney represented the State, and a public defender represented Nehls. Petitioner appeared by phone. The Parties offered evidence which included a Bill of Exceptions and a Transcript from the October 2, 2018 hearing before the Mental Health Board. The Court noted the appeal was timely and the Court had jurisdiction.

18. In his appeal to the District Court, Nehls assigned the following errors by the Mental Health Board's October 2, 2018 Order:

> A. The Board erred in finding that Nehls remains mentally ill and dangerous at the time of the hearing.

6

      B.      The Board erred in finding that continued inpatient placement of Nehls was the least restrictive alternative.

      C.      The Board's finding of fact were clearly erroneous.

      D.      The Board erred when it failed to articulate with specificity and consistency its general findings.

19. In reviewing the record, the District Court noted that at the October 2, 2019 hearing before the Mental Health Board, a deputy county attorney offered Nehls' July 24, 2018 Comprehensive Treatment Plan Update, and a Second Opinion Evaluation conducted by Kirk Newring, PhD, dated August 17, 2018. Likewise, the Court noted not only was Nehls permitted to testify, but that he "generally agreed with his treatment recommendations and current level of care."

20. Based upon a de novo review of the record, the District Court found:

      A.      Clear and convincing evidence that Nehls remained mentally ill and dangerous, and the Mental Health Board did not err in making that finding.

      B.      Clear and convincing evidence that continued inpatient placement of Nehls is the least restrictive alternative, and the Mental Health Board did not err in making that finding.

      C.      The Board's finding of facts, while not binding on the District Court's de novo review, were not clearly erroneous.

      D.      Error by the Board, if any, in failing to articulate with specificity and consistency its general findings would be harmless error due to the District Court's de novo review.

21. The District Court went on and cited to evidence in the record which supported the court's finding:

Exhibit 3, Comprehensive Treatment Plan Update

Mr. N. presents with a number of dynamic risk fact jurors (sic) consistent with sexual reoffending. These include his capacity for stable relationships, deviant sexual preferences, general social rejection, lack of concern for others, impulsivity, negative emotionality, and confrontation with supervision. The patient should participate in sex offender treatment, with special attention being paid to the risk factors outlined above. Based on his current behavior, attitudes, and history, the treatment team believes that current inpatient setting is the least restrictive treatment environment consistent with public safety. E3,4.

Dr. [Kirk Newring][1] Second Opinion Exhibit 4

The undersigned concurs with the diagnostic constellation promulgated in the NRC CTPU, including pedophilic disorder, sexually attracted to both sexes, nonexclusive type. E4, 6.

Based on information available for review, Mr. N. appears at elevated risk for future acts of sex offense behavior in comparison to other adult males was (sic) sex offense

---

[1] Although correctly spelled elsewhere in the opinion, the district judge misspelled the doctor's name when summarizing his opinions. Dr. Newring has appeared before me as a defense witness in a child pornography case where I imposed a probationary sentence based largely on the doctor's thorough and thoughtful review of a very unusual mental health issue related to the impact of prescribed medication for a serious ailment and the side affects of that drug regarding impulse control. I found him extremely credible and experienced and candid. It is noteworthy that he had previously served as the clinical psychology supervisor at the Nebraska Department of Correctional Services.

8

adjudication. In addition to having a higher density of static risk factors for sex offense behavior, he also shows a high density and breadth of dynamic risk factors. Further compounding his difficulties, Mr. N.'s experience of intellectual disability impairs his ability to benefit from treatment and intervention as usual, and warranting accommodation within his sex offense behavior specific program. E4, 8.

However, at this time, the undersigned cannot support a placement other than total confinement for Mr. N. given Mr. N.'s seeming opacity in his self-reporting that limits professional's ability to collaboratively engage in risk management with Mr. N. Ex. 4, 9.

22. The District Court then affirmed the October 2, 2018 Order of the Buffalo County Mental Health Board.

23. Nehls never appealed this District Court affirmance to the Nebraska Court of Appeals. Filing 12-1 at 3, ¶ 13.

February 12, 2019 Hearing Regarding Updated Comprehensive Treatment Plan

24. On February 12, 2019, the Mental Health Board held a hearing upon Nehls' request regarding an updated comprehensive treatment plan dated January 9, 2019. Filing 12-7.

25. At the hearing, a Deputy Buffalo County Attorney was present, along with Nehls' public defender. Nehls appeared at the hearing, telephonically. The Mental Health Board took notice of Nehls' file and its entire contents.

26. The Mental Health Board found by clear and convincing evidence that Nehls (a) continued to be a mentally ill and dangerous person and neither voluntary hospitalization nor other treatment alternatives less restrictive of his liberty than a Mental Health Board

ordered treatment disposition would suffice to prevent substantial risk of harm to the public or to Nehls; (b) Nehls is likely to engage in acts, or repeated acts of sexual violence and has a propensity to commit sex offenses, and other assaultive behavior that would result in serious harm to others and therefore poses a menace to the health and safety of the public; and (c) Nehls' history of assaultive behavior, and failure to successfully complete and/or fully participate in attempts at sexual issues treatment and other psychological treatment, as well as current psychological diagnosis and opinions stipulated to and offered into evidence, illustrates that Nehls is mentally ill and dangerous and poses a menace to his own health and safety.

27. Having considered all treatment alternatives, the Board ordered Nehls to remain in custody of DHHS and recommended inpatient psychological and sexual offender treatment at the Norfolk Regional Center.

28. Petitioner has not filed an appeal or petition in error of the Mental Health Board's February 12, 2019 Order in *In The Interest of Richard L. Nehls, Alleged to be a Mentally Ill and Dangerous Person*, Case No. 4100, to the Buffalo County District Court. Filing no. 16-1.

Petitioner did not object to or controvert any of these facts.[2] Petitioner did not file any affidavits either. He relies solely upon his petition. No effort has been made to amend that petition.[3]

---

[2] Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* permit me to apply the Federal Rules of Civil Procedure to this case. In turn, our local rules and specifically NECivR 56.1(b) applies, and that Rule provides that: "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (Underlining in original)

[3] This paragraph is *not* intended as a criticism of the excellent Assistant Federal Public Defender. Indeed, I compliment and thank Mr. Stickman, the Federal Public Defender, for agreeing to take the case, and Assistant Federal Public Defender Cheryl M. Kessell for her hard and good work on this matter.

10

## *Analysis*

While Respondents make other arguments, their main argument is that the undisputed evidence shows that Petitioner's procedural due process claim is entirely lacking in merit.[4] I agree. And to be clear, this is true whether I give deference to the challenged decisions or whether I review the decisions de novo.

I could write a lot about this case, but that is unnecessary. Long ago the Supreme Court made it clear to Nebraska in a similar, but not identical, case what procedural due process requirements were generally required when a previously convicted prisoner was sent to a mental institution. *Vitek v. Jones*, 445 U.S. 480 (1980). Among other things, those due process requirements included notice, an adversary hearing and a court appointed lawyer. Petitioner received all of those things here plus an independent mental evaluation and a searching review on appeal by a state district judge where Petitioner was provided with counsel and allowed to testify. Therefore, I find and conclude that there was no procedural due process violation.

Counsel for Petitioner valiantly endeavors, Filing no.15 at CM/ECF p. 3, to avoid this finding by arguing that Petitioner claims in his petition that his lawyer did not appeal the August 8, 2017 decision. *See* Filing no. 1, at CM/ECF p. 4 ¶ 11(d)(7) ("My attorney say no to me"). I am unmoved.

---

[4]If Petitioner intended to raise a substantive due process argument, that argument has been defaulted as it was not briefed. More to the point: "Only in the rare situation when the state action is 'truly egregious and extraordinary' will a substantive due process claim arise." *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012) (denying civilly-committed sex offender's civil rights action challenging the adequacy of treatment) (citation omitted). The undisputed evidence shows affirmatively that no action or inaction by the custodian of Petitioner was egregious and extraordinary.

First, the assertion is ambiguous. One cannot determine from this statement whether counsel refused to appeal or that the lawyer counseled against an appeal and Petitioner acquiesced. Second, based upon the undisputed record of the August 8, 2017 hearing, the evidence was overwhelming that Petitioner required placement in a mental institution and thus any failure to appeal, assuming counsel was obligated to appeal, was harmless beyond a reasonable doubt. The Mental Health Board explicitly relied upon the psychological evaluation of Dr. Levinson. His findings are recounted in the notice of hearing and included, for example, Levinson's chilling conclusions that Petitioner's risk to reoffend was considered very high, relative to other sexual offenders, and Mr. Nehls was assessed as having (.69) probability of violent recidivism within 10 years unless he was committed and treated. Third, even assuming that counsel refused to appeal the August 8, 2017 decision, and assuming that counsel had a duty to appeal if Petitioner demanded one, any such error was harmless beyond any reasonable doubt. Petitioner's counsel did perfect appeal that was resolved in January of 2019 and Petitioner received a searching review of the record that essentially confirmed everything that the Mental Health Board decided on August 8, 2017.

Zealous counsel for Petitioner makes another argument regarding the quality of the decision making by the Mental Health Board. Counsel asserts that at the last hearing in 2019 "it appears the Board of Mental Health just took out its rubber stamp." Filing no. 15 at CM/ECF p. 3. That is not accurate.

The Board properly "took notice of the file and its entire contents." Filing no. 12-7 at CM/ECF p. 1. That included an "updated Comprehensive Treatment Plan dated January 9, 2019." *Id*. Petitioner was represented by counsel and appeared personally by telephone. Given the record that had previously been made, including an independent evaluation by Dr. Newring and then a district judge's review of that record in January of 2019, one cannot fairly fault the Mental Health Board for relying upon that record.

In sum, Petitioner's procedural due process claim as shown by the undisputed record has no merit. I will therefore grant the motion and dismiss this matter with prejudice.[5]

### *No Certificate of Appealability*

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The motion for summary judgment, Filing no. 10, is granted.
2. The habeas corpus petition, Filing no. 1, is denied and dismissed with prejudice.
3. No certificate of appealability has been or will be issued.
4. Judgment will be entered by separate document.

DATED this 4th day of December, 2019.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

[5] This, of course, does not preclude claims arising after the date of the judgment in this case.